UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JACQUELINE MEIER, ET AL.,

       Plaintiffs,

v.                       Case No.  8:06-cv-336-T-24 TBM

PROVIMA, INC., ET AL.,

       Defendants.
_____/

**ORDER**

This cause comes before the Court on Defendants Provima, Inc. and Mirabilis, Inc.'s Motion to Dismiss.  (Doc. No. 13).  Plaintiffs oppose the motion.  (Doc. No. 16).

**I.  Standard of Review**

In deciding a motion to dismiss, the district court is required to view the complaint in the light most favorable to the plaintiff.  See Murphy v. Federal Deposit Ins. Corp., 208 F.3d 959, 962 (11th Cir. 2000)(citing Kirby v. Siegelman, 195 F.3d 1285, 1289 (11th Cir. 1999)).  A complaint should not be dismissed for failure to state a claim upon which relief can be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  The Federal Rules of Civil Procedure "do not require a claimant to set out in detail the facts upon which he bases his claim." Id. at 47.  All that is required is "a short and plain statement of the claim." Fed. R. Civ. P. 8(a)(2).  The standard on a 12(b)(6) motion is not whether the plaintiff will ultimately prevail in his or her theories, but whether the allegations are sufficient to allow the plaintiff to conduct discovery in an attempt to prove the allegations.  See Jackam v. Hospital

Corp. of Am. Mideast, Ltd., 800 F.2d 1577, 1579 (11th Cir. 1986).

## II.  Background

Plaintiffs allege the following in their amended complaint (Doc. No. 3): Defendant Provima, Inc. ("Provima") was an employer, sponsor, and fiduciary of the ERISA welfare benefit plan, Provima, Inc. Health Insurance Plan ("the Plan"), which provided health insurance to its employee participants and their enrolled beneficiaries. (¶ 6). Plaintiffs were at all relevant times individual participants in the Plan. (¶ 1). Provima operated until at least November 14, 2005, at which time, Defendant Mirabilis, Inc. ("Mirabilis") became the successor in interest through merger or acquisition to Provima as the sponsor and fiduciary of the Plan. (¶ 2, 3).

Pursuant to the Plan, Provima and its successor, Mirabilis, were obligated as fiduciaries of the Plan to pay premiums when due and to provide accurate and timely information regarding the Plan to Plan participants. (¶ 8). On October 15, 2004, insurance coverage for the Plan was cancelled for failure to pay premiums. (¶ 9). On December 1, 2004, new insurance coverage became effective, but Defendants did not inform Plan participants about the gap in coverage. (¶ 11). Effective March 1, 2005, the new insurance coverage was cancelled for failure to pay premiums, and Defendants did not inform Plan participants about this cancellation of coverage. (¶ 12).

Due to the cancellations of coverage, Plaintiffs incurred substantial unpaid health insurance expenses that should have been covered under the Plan but were not due to Defendants' failure to pay premiums. (¶ 13). As a result, Plaintiffs filed suit against

Defendants[1] for breach of fiduciary duty, seeking relief that includes the following: (1) specific performance of the Plan document; and (2) injunctive relief preventing Plan funds from being used for Defendants' own personal interest and requiring Defendants to abide by the terms of the Plan regarding the proper administration of the Plan and payment of claims.  In response, Provima and Mirabilis move to dismiss the amended complaint.

### III.  Motion to Dismiss

Defendants[2] set forth several arguments in support of their contention that the amended complaint should be dismissed.  Accordingly, the Court will address each argument.

### A.  Successor Liability

Defendants first argue that Plaintiffs' claim against Mirabilis should be dismissed, because Plaintiffs have not adequately alleged that Mirabilis has successor liability.  The Court rejects this argument, as Plaintiffs have satisfied the notice pleading requirements of Federal Rule of Civil Procedure 8(a).  See Federal Trade Commission v. Citigroup Inc., 2001 WL 1763439, at *3 (N.D. Ga. Dec. 27, 2001).  Furthermore, the Court notes that whether successor liability can be imposed is a fact specific inquiry that should not be resolved on a motion to dismiss.  See id. at *4 (citations omitted).  Accordingly, the Court denies Defendants' motion on this issue.

---

[1] Plaintiffs sued two additional defendants as fiduciaries of the Plan–Robert Lowder (managing director and president of Provima) and Charlotte Lowder (vice president of Provima). These defendants failed to respond to the complaint, and the Clerk entered default against them. (Doc. No. 15).

[2] All further references to "Defendants" in this Order refer only to Provima and Mirabilis.

### B.  Prospective Relief

Next, Defendants argue that Plaintiffs cannot seek prospective relief, since Plaintiffs allege in the amended complaint that the Plan ended on November 14, 2005.  Plaintiffs respond that they are entitled to seek prospective relief to enforce all claims that have already been submitted under the Plan and that may be submitted in the future for expenses that were covered by the Plan.  Defendants have not cited any case law showing that Plaintiffs are not entitled to such prospective relief, and as such, the Court denies Defendants' motion on this issue.

### C.  Injunctive Relief

Next, Defendants argue that Plaintiffs have failed to adequately allege the requisite elements for injunctive relief, namely that Plaintiffs have a substantial likelihood of success on the merits, that Plaintiffs will be irreparably harmed in the absence of an injunction, that the threatened injury to Plaintiffs outweighs any injury to Defendants caused by the injunction, and that the injunction is not contrary to the public interest.  The Court rejects this argument as it is premature at this time to determine whether Plaintiffs will be entitled to injunctive relief, and the Court cannot state that it is beyond doubt that Plaintiffs can prove no set of facts that would entitle them to injunctive relief.  Accordingly, the Court denies Defendants' motion on this issue.

### D.  Breach of Fiduciary Duty

Next, Defendants argue that to the extent that Plaintiffs claim that Defendants breached their fiduciary duty by providing misleading and inaccurate information regarding the Plan to participants and beneficiaries, the claim should be dismissed, because Plaintiffs' allegations are not stated with particularity.  Specifically, Defendants argue that Plaintiffs have not alleged who made the misrepresentations, to whom they were made, when they were made, or what the

misrepresentations were.

Plaintiffs respond that they have set forth this information in the amended complaint. Specifically, Plaintiffs point out that they have alleged that the defendants named in the amended complaint failed to tell the Plan participants and beneficiaries about the March 1, 2005 cancellation of coverage and the 2004 gap in coverage when those incidents occurred. Upon consideration, the Court denies Defendants' motion on this issue.

## IV.  Conclusion

Accordingly, it is ORDERED AND ADJUDGED that Defendants Provima, Inc. and Mirabilis, Inc.'s Motion to Dismiss (Doc. No. 13) is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, this 11th day of May, 2006.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record